# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BARBARA ANN JACKSON,**
**and the U.S. DEPARTMENT OF**
**AGRICULTURE,**

    **Plaintiffs,**

vs.                                                    Case No. 4:17cv352-MW/CAS

**BANK OF NEW YORK,**
**DAVID H. ABRAMS, and**
**UNKNOWN DEBT COLLECTORS,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, has filed a civil complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. Plaintiff's in forma pauperis motion sufficiently demonstrates good cause and the motion is granted. The Clerk of Court shall file Plaintiff's complaint without requiring payment of the filing fee.

    Plaintiff's pro se complaint purports to bring this case on behalf of herself, and the United States Department of Agriculture. ECF No. 1 at 1-

2, 4. Plaintiff is not an Assistant United States Attorney and cannot bring this action on behalf of the Government.

Judicial notice is taken that this is not Plaintiff's first lawsuit challenging the foreclosure of her property in January 2010. This is the fourth such case, although Plaintiff has now altered the name of one of the Defendants. This case is brought against the Bank of New York Mellon, ECF No. 1 at 6, which Plaintiff indicates was formerly known as the Bank of New York. ECF No. 1 at 1. Plaintiff alleges that the Bank foreclosed on her property in January 2010. *Id.* at 6. She contends the Bank "sold bad loans to single minorities." *Id.* Plaintiff also seeks to sue her former bankruptcy attorney, David Abrams, for refusing "to provide any information reguards [sic] to foreclosure." *Id.* at 7. Without providing any supporting facts, it appears that she contends he committed bankruptcy abuse when he withdrew as counsel. *Id.* That allegation is far from clear. What is clear is that this is not Plaintiff's first lawsuit concerning the 2010 foreclosure.

Plaintiff initiated case number 4:15cv491-RH/CAS in October of 2015. Plaintiff named Bank of America and David Abrams as Defendants. ECF No. 7 at 2. Her complaint alleged discrimination and a violation of the Fair Housing Act and Plaintiff sought to dispute issues concerning her home, located at 2017 Flagler Street in Quincy, Florida. ECF No. 7 at 3.

The case was dismissed in late January 2016 for failure to state a claim. ECF Nos. 9, 11. The findings were that Plaintiff "alleged no facts plausibly suggesting she [had] suffered discrimination of any kind." ECF No. 11 at 2.

Plaintiff then filed case number 4:16cv212-RH/EMT in April 2016. That complaint once again raised a claim under "Section 804(b) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988." ECF No. 2 at 4. Plaintiff provided substantially the same facts as alleged in the second amended complaint which she filed in the earlier case. *See* ECF No. 7 at 3; *cf.* ECF No. 2 at 3. Plaintiff's claims again concerned a foreclosure proceeding brought by Defendant Bank of America which led to Plaintiff filing for bankruptcy. Plaintiff was represented in the bankruptcy proceeding by the remaining Defendant, attorney David H. Abrams. That case was dismissed because it was barred by the doctrine of res judicata. ECF Nos. 13, 15 of case # 4:16cv212-RH/EMT.

Plaintiff filed her third case, case number 4:16cv773-RH/CAS, on December 14, 2016, against Bank of America and David Abrams. The case concerned the foreclosure of property located at 2017 Flagler Street in Quincy, Florida. *See* ECF No. 1 at 3. A Report and Recommendation was entered in that case and recommending dismissal because it was also

barred by the doctrine of res judicata. ECF No. 4. The Report and Recommendation noted that the new claims Plaintiff sought to assert in that case could have been raised previously in her earliest case. *Id.* The Report and Recommendation was adopted and the case dismissed with prejudice in February 2017. ECF Nos. 10-11.

This is now Plaintiff's fourth effort to pursue the same claims, based on the same underlying facts. Plaintiff's statement of facts are insufficient on their own, consisting of essentially two sentences. ECF No. 1 at 6-7. Thus, this complaint should be dismissed sua sponte for failure to state a claim.

Moreover, the complaint should also be dismissed as barred by the doctrine of collateral estoppel. "Unlike res judicata,[1] the doctrine of collateral estoppel is not limited to identical parties or parties in privity, as collateral estoppel deals only with issue preclusion." <u>Hart v. Yamaha-Parts</u>

---

[1] Although res judicata was the basis for dismissal of Plaintiff's second and third cases, it is not appropriate here because Plaintiff has now named the Bank of New York Mellon as a Defendant and her prior cases named Bank of America as the Defendant. Plaintiff's complaint does not clearly explain the relationship between the Bank of New York Mellon and Bank of America. However, attachments to the complaint suggest that Bank of New York Mellon, formerly known as the Bank of New York, is "trustee for the certificate holders of CWALT, Inc., alternative loan trust 2007-13, mortgage pass-through certificates, series 2007-13. ECF No. 1-1 at 1-2, 5-6, 15. It may be assumed that Bank of New York is acting as trustee and that her mortgage loan was previously "with Countrywide\Bank of America." ECF No. 1-1 at 12. However, that assumption is not a certainty.

Distributors, Inc., 787 F.2d 1468, 1473 (11th Cir. 1986) (cited in Orton v. Caliber Home Loans, No. 7:16-CV-01479-TMP, 2016 WL 7210448, at *3 (N.D. Ala. Dec. 13, 2016). "In this circuit, the doctrine of collateral estoppel may be applied when the party asserting collateral estoppel establishes that '(1) the issue at stake is identical to the one involved in the earlier proceeding; (2) the issue was actually litigated in the early proceeding; (3) the determination of the issue [was] a critical and necessary part of the earlier judgment; and (4) the party against whom collateral estoppel is asserted . . . had a full and fair opportunity to litigate the issue.'" Tampa Bay Water v. HDR Engineering, Inc., 731 F.3d 1171, 1180 (11th Cir. 2013) (internal citation omitted) (quoted in Orton, 2016 WL 7210448, at *3).

      Here, Plaintiff's complaint asserts the same claims as previously raised: she was subjected to unlawful housing discrimination because of race, and she again asserts claims under Section 804(b) and 805 of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988. ECF No. 1 at 4. This issue is identical to the issue raised in the prior cases. The issue was actually litigated in the first case and after providing Plaintiff with several opportunities to submit a plausible complaint supported by more than conclusory allegations, *see* ECF No. 9 of case number 4:15cv491, her complaint was dismissed with prejudice. *See* ECF

No. 11 of case number 4:15cv491.  Plaintiff had a full and fair opportunity to litigate her claims, but was unable to provide any factual allegations which supported her claims.  Naming Bank of New York as Defendant instead of Bank of America does not save this litigation.  Plaintiff cannot continue seeking multiple bites at the apple by naming the Bank of New York instead of Bank of America.  Plaintiff has already "had multiple bites at the apple, and indeed, the apple is bitten down to the core." Spinelli v. Capital One Bank, No. 8:08-CV-132-T-33EAJ, 2010 WL 11475480, at *2 (M.D. Fla. Mar. 15, 2010).  This case should be dismissed sua sponte.  Moreover, having brought the same claim four times in four separate cases, Plaintiff is cautioned that sanctions may be imposed against litigants who continue filing claims which are frivolous.

Finally, this issue may be raised by the Court's sua sponte.  When "a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." United States v. Sioux Nation, 448 U.S. 371, 432, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting)

(citations omitted) (quoted in Arizona v. California, 530 U.S. 392, 412, 120 S. Ct. 2304, 2318, 147 L. Ed. 2d 374, supplemented, 531 U.S. 1, 121 S. Ct. 292, 148 L. Ed. 2d 1 (2000)). Notwithstanding, this Report and Recommendation gives notice to Plaintiff and an opportunity to be heard prior to dismissal. Plaintiff's objections, if any, must be timely filed.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for in forma pauperis status, ECF No. 2, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it fails to state a claim and this case is barred by the doctrine of collateral estoppel.

**IN CHAMBERS** at Tallahassee, Florida, on August 11, 2017.

   s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.